FARM BUREAU MUTUAL AUTOMOBILE INSURANCE COMPANY ET, PLAINTIFF-APPELLANTS, *v.* GIOIA MACARONI COMPANY, INC., A CORPORATION, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Ashtabula County.

No. 554. Decided May 9, 1961.

216

 

*Messrs. Lambros & Simmons,* for plaintiffs-appellants.
*Mr. Clyde L. Shaylor,* for defendant-appellee.

*Per Curiam.* This is an appeal on questions of law. The assignment of error charges that the trial court erred in dismissing the petition of the defendant. The trial court's action was taken upon defendant's motion giving as grounds the fact that no service was had upon the amended petition within the statutory period as provided in the Statute of Limitations. The original action for damages was filed by plaintiff against "Gioia Marcaroni," 1700 Elmwood, Buffalo, New York. Non-residence service was obtained according to law through the Secretary of State of Ohio, and a copy of the petition and summons was mailed to defendant at the above address.

Shortly thereafter counsel entered a general appearance for the purpose of obtaining leave to move or plead. Nothing further of significance occurred until more than two years elapsed after the cause of action arose. On April 9, 1956, the court granted plaintiff leave to amend the petition by interlineation by changing the name of defendant, and on May 9, 1956, the name of the defendant was changed by interlineation to read "Gioia Macaroni Company, Inc., a corporation." This corporation's address was given as 1700 Elmwood, Buffalo, New York. Gioia Macaroni, a corporation, giving its address as 1700 Elmwood, Buffalo, New York, appeared and demurred, which demurrer was overruled. The same defendant, by the corrected appellation later appeared and answered pleading the Statute of Limitations and a general denial, admitting the accident between the vehicle owned by plaintiff and a vehicle driven by an employee of the defendant.

It was at this point that the defendant corporation's motion to dismiss was made and granted.

This court feels that paragraphs three, four and five of the syllabus in the case of *Maloney* v. *Callahan,* 127 Ohio St., 387, solves the problem involved in this case:—

"Where the allegations of a petition upon its face state

a case in which two defendants are rightfully joined, and service is made on one of them in the county in which the action is brought, and on the other in another county, the question of jurisdiction of the court over the person of the defendant served in such other county must be raised by answer, under Sections 11309 and 11311, General Code. (*Drea* v. *Carrington*, 32 Ohio St., 595, approved and followed.)

"Where summons is duly served on the real party in interest, who is the one actually intended to be sued, even under a wrong or inaccurate appellation, he must take timely advantage of the error by appropriate plea. If he fails to do so, he will be deemed to have waived the defect and will be concluded by the judgment rendered against him.

"Under the liberal provisions of Section 11363, General Code, a court in the exercise of its judicial discretion has the power to permit the amendment of a petition by changing a name therein from that of a corporation originally designated as defendant to that of an individual doing business in such corporate name, to correspond with the facts. Thus, allowing an amendment changing 'The W. A. Maloney Company, an Ohio corporation,' etc., to 'W. A. Maloney, doing business as The W. A. Maloney Company,' is permissible."

We do not feel that the defendant's contention that there was a substitution of parties defendant after the expiration of the statute of limitations is well taken.

We do not feel that *Beach* v. *The Union Gas & Electric Co.*, 130 Ohio St., 280, is applicable for the reason that in that case a new party defendant was named after the period of limitation while in the instant case there was a mere correction of the name of the real party in interest.

Justice requires this ruling, and Section 2309.58, Revised Code, authorizes the discretion of the trial court which was properly exercised in permitting the amendment or correction.

The defendant cannot claim surprise or non-service under these circumstances.

Judgment reversed, and cause remanded.

BROWN, P. J., DONAHUE and GRIFFITH, JJ., concur.