SMITH, APPELLANT, *v.* BRUSH-MOORE NEWSPAPERS, INC., APPELLEE.

(No 3466—Decided March 23, 1970.)

*Messrs. Baggott, Logan & Gianuglou* and *Mr. Horace W. Baggott, Jr.,* for appellant.

*Messrs. Estabrook, Finn & McKee* and *Mr. Robert P. Bartlett,* for appellee.

CRAWFORD, J. This is an appeal on questions of law from an order and judgment of the Court of Common Pleas on May 19, 1969, sustaining a motion of the defendant appellee herein, Brush-Moore Newspapers, Inc., to dismiss the case because such corporation is an improper party defendant. The dismissal was without prejudice. An application of the same defendant to withdraw its answer theretofore filed was also sustained in the same entry.

This action was begun on October 7, 1964, to recover damages for personal injuries allegedly sustained by plaintiff on December 12, 1962, as the result of falling on the front steps of radio station WONE in Dayton, Ohio, which plaintiff had entered on business.

The petition named as defendant "Brush-Moore Newspapers, Inc., dba WONE Radio Station, 380 W. First Street, Dayton, Ohio." Service was had upon the statutory agent of Brush-Moore Newspapers, Inc., Leonard L. Crossley, who is an assistant treasurer and director of both Brush-Moore Newspapers, Inc., and WONE, Inc.

On November 6, 1965, defendant filed a motion to strike certain allegations of the petition, which was, in part, sustained; and plaintiff filed an amended petition on February 1, 1965, naming the defendant as before.

On February 9, 1965, Brush-Moore Newspapers, Inc., filed an answer admitting that it was a corporation authorized to do business in Ohio, otherwise denying generally the allegations of the petition.

On October 3, 1966, defendant filed a motion for summary judgment, accompanied by an affidavit of its secretary that it is a separate corporate entity which has never done business in Montgomery County, Ohio, does not and did not on December 12, 1962, conduct a radio station business known as WONE in Dayton, Ohio, neither owns nor leases real property in Montgomery County, Ohio, and is not responsible for any steps located therein.

On October 28, 1966, plaintiff filed interrogatories touching upon these matters and inquiring about the connection between Brush-Moore Newspapers, Inc., and WONE, Inc., as to ownership, officers, directors, notifica-

tion of the latter of the pending action, whether the two corporations are covered by the same insurance policy, and the identity of their insurer.

On December 12, 1962, WONE, Inc., was a wholly owned subsidiary of Brush-Moore Newspapers, Inc.; six of the eight directors of WONE, Inc., were included in the nine directors of Brush-Moore Newspapers, Inc.; three of the four officers of WONE, Inc., were included in the six officers of Brush-Moore Newspapers, Inc.; one of these common officers was Leonard L. Crossley, assistant treasurer and director of both corporations, statutory agent of Brush-Moore Newspapers, Inc., and the person upon whom summons was served; both corporations were insured by the same insurance company and under the same policy. Both corporations and their common insurer are, and have been, represented by the same legal counsel, with whom plaintiff's counsel, in the first part of 1964, had some communications and attempted negotiations concerning the claim herein sued upon.

The court at first decided that defendant's motion for summary judgment was well taken but, upon reconsideration, overruled it on May 12, 1967, for the reason that it had not been timely filed, the case having already been assigned for trial. Section 2311.041, Revised Code.

On December 20, 1967, defendant filed a motion to reinstate the original decision favoring summary judgment for the defendant, and to dismiss the case.

On January 11, 1968, plaintiff filed a motion for leave to amend the caption for misnomer.

It was this motion of plaintiff and, apparently, the motion of defendant last mentioned which came on for hearing on May 1, 1968, as reflected in the bill of exceptions. On February 13, 1969, both these motions were overruled.

On April 10 (9?), 1969, defendant moved to dismiss the case for the reason that there is an improper party defendant. On May 19, 1969, this motion was sustained, and the case was dismissed. Thereupon plaintiff took the present appeal.

Plaintiff, appellant herein, contends that his motion merely requested leave to amend so as to correct a misnom-

er; that the real party, WONE, Inc., had been sued; that by reason of the intimate connection between that corporation and Brush-Moore Newspapers, Inc., with interlocking directors and officers, identity of insurer and of counsel, the summons served upon Brush-Moore Newspapers, Inc., through their common officer was sufficient notice to WONE, Inc.; and that WONE, Inc., had effectively entered its appearance in the case.

Defendant says, on the contrary, that in view of the separate legal entities, WONE, Inc., is not named and is not in court.

The issue is vital because of the running of the two-year statute of limitations on plaintiff's cause of action. Section 2305.10, Revised Code.

Courts have granted leave to correct misnomers in various circumstances, in the exercise of the authority to amend provided by Section 2309.58, Revised Code, as liberally construed pursuant to Section 1.11, Revised Code.

It is to be observed that "WONE Radio Station," included in the caption, is an approximation of the name of the real party, WONE, Inc., an officer and director of which received service of summons.

In *Farm Bureau Mutl. Auto Ins. Co.* v. *Gioia Macaroni Co.* (App., 1961), 88 Ohio Law Abs. 215, action was mistakenly brought against an individual instead of a corporation which was the true party. After the running of the statute, an amendment was permitted changing the name of the individual to that of the corporation.

In *Maloney* v. *Callahan* (1933), 127 Ohio St. 387, 394, 395, the Supreme Court held that the real party in interest and the one intended to be sued, having been notified by service of an erroneous summons, must take timely advantage of a misnomer.

In a number of cases where changes of name have been permitted and approved, the actual effect was a substitution of parties, as in the *Farm Bureau case*, in *Stauffer* v. *Isaly Dairy Co.* (1965), 4 Ohio App. 2d 15, and in *Spence* v. *Commercial Motor Freight, Inc.* (1954), 99 Ohio App. 143.

It has also been held that failure to serve the proper

party before the running of the statute is not necessarily fatal, because summons and process may also be amended in the furtherance of justice, where the party served will not be prejudiced. Section 2309.58, Revised Code; *State, ex rel. Heck,* v. *Sucher* (1946), 77 Ohio App. 257.

In *Stauffer,* which involved a situation similar to ours, the court said that case should be classified as one of misnomer (4 Ohio App. 2d 26). Whether the present plaintiff is seeking merely to correct a misnomer or whether he is trying to substitute the real party, his right will depend upon the facts and circumstances.

Apparently the first communication between the parties was a letter written by plaintiff's original counsel, Mr. Benjamin M. Patterson, on December 29, 1962, addressed to WONE Radio Station, 380 West First Street, Dayton 2, Ohio. This letter stated plaintiff's claimed injury and Mr. Patterson's representation of him and requested a reply.

The response was a letter dated February 22, 1963, from Insurance by North America addressed to Mr. Patterson and began with the following reference:

"Re: 912 LR 37057
   Brush-Moore Newspapers, Inc.
   etal (Incl. W. O. N. E., Inc.)
   Walter A. Smith
   12/12/62"

The letter asked for a medical report from the attending physician and for permission, and plaintiff's authority, to examine the hospital records.

On February 13, 1964, the legal counsel for both corporations and insurer wrote Mr. Patterson, confirming an appointment with Dr. Hilty for physical examination of the plaintiff. The subject of the letter did not include the name of either corporation, but was merely: "In re: Walter A. Smith Examination."

On March 24, 1964, defendant's counsel again wrote to Mr. Patterson stating that they were enclosing Dr. Hilty's report as agreed by telephone. The stated subject of that letter was: "Re: Physical Examination of Walter A.

Smith." It concluded with a memorandum, "Enclosure: March 7, 1964 Medical Report on Mr. Walter A. Smith."

On May 25, 1964, Insurance by North America again wrote to Mr. Patterson under the subject, "Re: 912 LR 37057

> Brush-Moore Newspapers, Inc.
> Walter A. Smith
> 12/12/62."

The letter stated:

"Our investigation fails to indicate liability on the part of our insured. We therefore regret that we are unable to make payment of your client's claim."

Mr. Patterson answered on May 28, 1964, repeating the subject as carried in the insurance company's letter of May 25, and suggesting further conference with one of defendant's counsel "on the basis of him being the attorney for the defendant in the matter."

On June 1, 1964, the insurer wrote Mr. Patterson approving the further conference with counsel "if he feels it will be in the best interest of the insured and our company." The subject carried at the top of this letter is identical with that in the insurer's letter of May 25 and Mr. Patterson's reply of May 28.

As already observed, the action was begun on October 7, 1964, and, on November 6, 1965, the common counsel for the two corporations and their insurer filed on behalf of "the defendant" a motion to strike certain allegations from the petition. It was not until the statute of limitations had run on December 12, 1964, and after an answer had been filed, that defendant raised the question on October 3, 1966, as to the proper party defendant, by way of an affidavit attached to the motion for summary judgment.

Defendant contends that the case of *North* v. *Higbee Co.* (1936), 131 Ohio St. 507, governs here. However, that case presented an altogether different question, holding that a parent corporation will not be held liable for the acts and obligations of its subsidiary corporation. In the present case, the plaintiff is seeking instead to divorce his

cause from the Brush-Moore Newspapers, Inc., the parent corporation, and to hold only its subsidiary, WONE, Inc.

The case of *Stauffer* v. *Isaly Dairy Co.* (1965), 4 Ohio App. 2d 15, much more nearly resembles ours. There judgment for the plaintiff was based upon these circumstances:

(1) There was confusion due to similarity of names of two corporations with intermingled officers, offices in the same building, with the same address;

(2) The corporation which was the real party in interest was held to be aware of the filing of the petition, because the person who was served with summons was an officer of both corporations; and

(3) The plaintiff and his attorney had exercised reasonable diligence to ascertain the identity of the real party in interest.

In our present case the confusion between the two corporations involved was quite as real, although of a somewhat different nature; the intimate connection between them was such that the service of summons upon their common officer compels the conclusion that WONE, Inc., was fully aware of the pending action; and the present plaintiff and his attorney were quite as diligent as in *Stauffer*.

Defendant contends that plaintiff was put on notice by the subject carried in the insurer's letter of February 22, 1963, to Mr. Patterson: "Brush-Moore Newspapers, Inc., et al. (Incl. W. O. N. E., Inc.)." This is, of course, arguable.

At that time, Mr. Patterson's expressed purpose was not to file suit but to invite WONE Radio Station to negotiate.

The name of Brush-Moore Newspapers, Inc., had not been previously mentioned; the insurer named it first, adding, parenthetically, the name of WONE, Inc. When next the insurer wrote, to say that it denied liability on the part of its insured, as well as in its later letter again referring to its insured, the name of Brush-Moore Newspapers, Inc., alone was given.

Defendant also chides plaintiff for not heeding the

facts of the corporate organizations, which it claims were published in the newspapers. Such articles are not contained in the record and may not be considered.

The communications between counsel, and the filing of defendant's motion, before the running of the statute, to strike certain allegations from the petition, would naturally tend to lull plaintiff into complacency.

In *Boehmke* v. *Northern Ohio Traction Co.* (1913), 88 Ohio St. 156, the Supreme Court held:

"1. Where one knows himself to be the wrongdoer sought to be made liable in an action of damages for the wrong, and voluntarily appears by his attorney and answers in the name of and ostensibly as another person who was by the plaintiff named as defendant, and served with process in the mistaken belief that the latter person did the wrong, the former person thereby submits himself to the jurisdiction of the court and may be substituted as the real defendant in place of the nominal defendant sued by mistake; and the substituted defendant will be bound by the verdict and judgment rendered against him in the case.

"2. The statute of limitations will cease to run from the time the real defendant appears and answers in name of the nominal defendant."

In *Spence* v. *Commercial Motor Freight, Inc., of Indiana* (1954), 99 Ohio App. 143, this court held that:

"1. Under Section 2309.58, Revised Code, a misnomer of defendant in the petition may be changed by amending such petition.

"2. Under Section 1.11, Revised Code, the provisions of Section 2309.58, Revised Code, are to be liberally construed, and are to be exercised in the furtherance of and not for the purpose of defeating justice.

"3. Where it is manifest that the entity sought to be reached in the petition, praecipe, and by the service, was actually apprised of the action and was notified in regular manner and by registered letter, subject only to the disparity in name, the intent of the service of process is accomplished, and a court may order such defective summons amended without requiring an amended summons to

be served, if it be shown that the party served will not be prejudiced thereby. (Section 2309.58, Revised Code.)''

In *Stauffer,* the court said (4 Ohio App. 2d at p. 27):

''When the mistake as to the identity of the corporation which should be the proper party-defendant was caused or induced by the action of an officer or officers of the corporation which is the subject of a motion to substitute as a party defendant, we feel that such a mistake is the result of the representations of the agent or agents of such corporation, and that such corporation is thereby estopped to dispute the question of its correct identity.''

It is obvious that WONE, Inc., addressed by plaintiff's counsel as WONE Radio Station, turned the problem over to its insurer. It cannot escape responsibility for the confusion induced by those whom it thus authorized to act in its behalf. It cannot in justice be permitted to profit by that confusion.

The judgment appealed from will be reversed and the cause remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

KERNS, P. J., and SHERER, J., concur.