CURRY v CITY OF DETROIT

STATUTES—TITLE OF ACT—GOVERNMENTAL IMMUNITY.

The title to the 1970 act that amends the governmental immu-
nity statute is the title to the whole act as amended and not
just the title to the portions of the act which cover the amend-
ments (1964 PA 170 as amended by 1970 PA 155).

Appeal from Wayne, Benjamin D. Burdick, J.
Submitted Division 1 January 10, 1973, at Detroit.
(Docket No. 12482.) Decided March 22, 1973.

Complaint by Claude Curry, for himself and as
administrator of the estate of Anthony Curry,
deceased, against the City of Detroit for damages
for personal injuries that resulted in death. Sum-
mary judgment for defendant. Plaintiff appeals.
Affirmed.

*Blum, Graber, Meklin, Pianin & Rosenberg, P. C.*
*(William Goodman,* of counsel), for plaintiff.

*Michael M. Glusac,* Corporation Counsel, and
*John E. Cross* and *Maureen P. Reilly,* Assistants
Corporation Counsel, for defendant.

Amici Curiae:

*Elliott S. Hall,* President of the Detroit Branch
of NAACP.

*Aloysius J. Suchy,* Corporation Counsel, and

---

REFERENCE FOR POINTS IN HEADNOTE
50 Am Jur, Statutes §§ 210–216.

*Adam P. Angelas* and *David J. Curran,* Assistants Corporation Counsel, for Wayne County.

Before: J. H. Gillis, P. J., and Bashara and O'Hara,* JJ.

Per Curiam. Plaintiff appeals from a summary judgment for defendant. Affirmed.

The plaintiff, as the natural father and administrator of the estate of the deceased minor, alleged that on August 12, 1970, Anthony Curry had been swimming at the municipal pool at Miller High School in Detroit, Michigan. He maintains that on this date the deceased minor either fell or was pushed into the pool in water above his head. As a result he suffered serious injuries from which he subsequently died. The swimming pool was owned and operated by the City of Detroit, a municipal corporation, through its Department of Parks and Recreation.

The basis on which summary judgment was granted was that defendant is immune from liability for the tortious conduct of its employees by virtue of 1964 PA 170 as amended by 1970 PA 155; MCLA 691.1401 *et seq.;* MSA 3.996(101) *et seq.*[1]

Plaintiff alleges two assignments of error which in substance are that these Public Acts violate the Michigan Constitution 1963, art 4, § 24:

"No law shall embrace more than one object which shall be expressed in its title."

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The proper motion was not one for summary judgment GCR 1963, 117, but a motion for accelerated judgment GCR 1963, 116. *Cibor v Oakwood Hospital,* 14 Mich App 1; 165 NW2d 326 (1968); *Bloss v Williams,* 15 Mich App 228; 166 NW2d 520 (1968); 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 32 *et seq.*

He first argues that 1970 PA 155 amending 1964 PA 170 is constitutionally infirm in that the object of the act as contained in § 7 of the 1970 statute is not properly expressed in its title. Essentially what plaintiff alleges is that the Legislature performed a useless gesture in 1970 by reenacting the title to 1964 PA 170 without any change.

We have examined the Public Acts in question and find that the 1970 Public Act deleted the constitutionally objectionable words as found in *Maki v East Tawas,* 18 Mich App 109; 170 NW2d 530 (1969), *aff'd* 385 Mich 151; 188 NW2d 593 (1971).[2] Further, the 1970 act was enacted in accordance with the constitutional mandate of the Michigan Constitution 1963, art 4, § 24. It also is in conformity with Michigan Constitution 1963, art 4, § 25:

"No law shall be revised, altered or amended by reference to its title only. The section or sections of the act altered or amended shall be re-enacted and published at length."

In a nutshell, the plaintiff has mistaken the title to the amendatory act of 1970 as being the title to the amended act itself.

The second issue on appeal is that 1964 PA 170 as amended by 1970 PA 155 is violative of the Michigan Constitution 1963, art 4, § 24 because the Public Acts "embrace more than one object".

Upon examination of the two Public Acts in

---

[2] The title to 1964 PA 170 was held violative of the Michigan Constitution 1963, art 4, § 24 because the title to that act was less comprehensive than that contained in the object of § 7 of that act. In the title to that act were the words, "caused by negligence", while in § 7 were the words "tort liability". Therefore the object of § 7 of the act was not expressed in its title. While the *Maki* case was pending before the Supreme Court the Legislature passed 1970 PA 155 to amend 1964 PA 170 to correct the constitutional infirmity that was found to exist by this Court.

question and the relevant case law, we find this issue is without merit. *In re Brewster Street Housing Site,* 291 Mich 313; 289 NW 493 (1939); *People v Carey,* 382 Mich 285; 170 NW2d 145 (1969); *People v Barber,* 14 Mich App 395; 165 NW2d 608 (1968).

The Court acknowledges with gratitude the various amici curiae briefs filed in this case.

Affirmed.