MOYER v WAYNE COUNTY ROAD COMMISSION

1. HIGHWAYS—GOVERNMENTAL AGENCIES—JURISDICTION—REPAIR—
   BODILY INJURY.

   Persons sustaining bodily injury due to the disrepair of a high-
   way may recover damages only from the governmental agency
   having jurisdiction over such highway (MCLA 691.1402).

2. HIGHWAYS—TRUNKLINE HIGHWAYS—JURISDICTION—MAINTENANCE
   —STATUTES—CONSTRUCTION.

   Statutes *in pari materia* are to be construed together; therefore,
   it would not seem logical that the Legislature would relieve all
   counties of legal liabilities for maintaining trunkline highways
   in one section of a statute and then in the very next section
   give the State Highway Commission the power to contract with
   the county for the maintenance of the trunkline highway
   without intending that the county would not be liable for
   negligent maintenance (MCLA 250.61, 250.62).

3. HIGHWAYS—TRUNKLINE HIGHWAYS—JURISDICTION—MAINTENANCE
   AGREEMENTS.

   The State Highway Commission does not divest itself of jurisdic-
   tion over State trunkline highways by entering into mainte-
   nance agreements with other governmental units; therefore,
   possible negligent acts of other governmental units in main-
   taining state trunkline highways will not render such units
   liable.

Appeal from Wayne, George T. Martin, J. Sub-
mitted Division 1 December 12, 1973, at Detroit.
(Docket No. 15338.) Decided March 27, 1974.

Complaint by Edith Moyer against the Wayne
County Road Commission for damages resulting
from an automobile accident. Summary judgment
for defendant. Plaintiff appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 105, 111.

*Green, Green, Adams & Siefer,* for plaintiff.

*Plunkett, Cooney, Rutt & Peacock, P. C.* (by *John D. Dougherty),* for defendant.

Before: LESINSKI, C. J., and BASHARA and VAN VALKENBURG,* JJ.

BASHARA, J. Plaintiff commenced suit in Wayne County Circuit Court against defendant to recover for personal injuries suffered in an accident when she lost control of her automobile. She alleged that the accident was caused by defects in the road surface of a state trunkline highway which defendant had contracted to maintain for the State Highway Commission. The trial court granted the defendant's motion for accelerated judgment on the grounds that the state trunkline highway was under the exclusive jurisdiction and control of the State Highway Commission. This being true, defendant could not be found liable for damages even though it had contracted to maintain that portion of the highway on which the accident occurred. Plaintiff appeals from the trial court's order, contending that the defendant had been delegated "jurisdiction" over the highway and was therefore the appropriate agency to sue.

MCLA 691.1402; MSA 3.996(102) provides that persons sustaining bodily injury due to the disrepair of a highway may recover damages only from the governmental agency having jurisdiction over such highway. The answer to the underlying question of which agency had jurisdiction over the particular highway is stated in Const 1963, art 5, § 28:

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"There is hereby established a state highway commission, which shall administer the state highway department and have jurisdiction and control over all state trunkline highways and appurtenant facilities, and such other public works of the state, as provided by law."

Plaintiff's assertion that defendant's actions in contracting to maintain state highways had changed the law concerning jurisdiction and liability is untenable in light of MCLA 250.61; MSA 9.901 and MCLA 250.62; MSA 9.902.

MCLA 250.61; MSA 9.901 states in part:

"On and after January 1, 1960, the cost of constructing, improving and maintaining trunk line highways shall be met entirely by the state, and the *counties,* townships and incorporated cities and villages shall thereafter be relieved of all expenses and *legal liabilities* in connection therewith * * * ." (Emphasis added.)

MCLA 250.62; MSA 9.902 provides in part:

"The state highway commission is authorized to contract with boards of county road commissioners * * * for the construction, improvement and maintenance of trunk line highways, * * * ."

It is a well established maxim that "statutes *in pari materia* are to be construed together". *Webster v Rotary Electric Steel Co,* 321 Mich 526; 33 NW2d 69 (1948). It would not, therefore, seem logical that the Legislature would relieve all counties of legal liabilities for maintaining trunkline highways in one section of a statute, MCLA 250.61; MSA 9.901, *supra,* and then in very next section, MCLA 250.62; MSA 9.902, *supra,* give the State Highway Commission the power to contract with the county for the maintenance of the trunk-

line highway without intending that the county would not be liable for negligent maintenance.

We hold that the State Highway Commission does not divest itself of jurisdiction over state trunkline highways by the maintenance agreements involved. Therefore, possible negligent acts of other governmental units in maintaining state trunkline highways will not render such units liable.[1]

Affirmed.

All concurred.

[1] *See* OAG, 1965–1966, No 4455, p 235 (March 15, 1966).