JOHNSON *v.* BOARD OF COUNTY ROAD COMMISSIONERS OF
ONTONAGON COUNTY.

1. MUNICIPAL CORPORATIONS—COMMON LAW LIABILITY—GOVERN-
MENTAL FUNCTION.

At common law, governmental agency in performance of govern-
mental function did not become liable in damages for its
negligent performance.

2. SAME—NEGLIGENCE—STATUTES—CONSTRUCTION.

Statutes imposing liability on governmental agency for negli-
gence in performance of governmental function are in deroga-
tion of common law, and therefore are strictly construed.

3. SAME—HIGHWAYS AND STREETS—MAINTENANCE OF TRUNK LINE
HIGHWAY GOVERNMENTAL FUNCTION.

Board of county road commissioners in removing snow from
trunk line highway under agreement for maintenance entered
into with State highway commissioner pursuant to 1 Comp.
Laws 1929, §§ 4425, 4426, was acting as governmental agency
in hands of State highway commissioner, and therefore is not
liable for negligent operation of snowplow used in said work.

4. SAME—BURDEN OF PROOF—PROFITABLE CONSIDERATION.

In action against board of county road commissioners for neg-
ligent operation of snowplow on trunk line highway, plaintiff
has burden of proving allegation in his declaration, which is
essential to recovery, that defendant entered into contract with
State highway commissioner to perform said work upon profit-
able consideration rather than as governmental agency.

5. SAME—INCIDENTAL INCOME IN PERFORMING GOVERNMENTAL FUNC-
TION.

Municipal corporations and other governmental agencies when
performing purely governmental function do not lose their
immunity from liability for its negligent performance merely
because they derive income therefrom, provided income is only
incidental to main purpose of so functioning and aimed at
covering cost of undertaking; but municipality may be held
to respond in damages for negligent act of agent or employee
incident to voluntary activity undertaken for its own profit
and commercial in character.

Error to Ontonagon; Driscoll (George O.), J. Submitted January 7, 1931. (Docket No. 21, Calendar No. 35,254.) Decided February 27, 1931. Rehearing denied June 1, 1931.

Case by Walter Johnson against Board of County Road Commissioners of Ontonagon County for personal injuries sustained by being struck with a snowplow. Judgment for plaintiff. Defendant brings error. Reversed, and judgment ordered entered for defendant.

*Galbraith & McCormack,* for appellant.

*Van Slyck & Bay* (*E. L. Kennedy,* of counsel), for appellee.

North, J. Plaintiff sued defendant to recover damages for injuries sustained by plaintiff in consequence of his being struck by defendant's snowplow. At the time of the accident defendant's snowplow in charge of its employee was being used to remove the snow from trunk line M-26 in Ontonagon county. This work was being done by defendant under contract with the State highway commissioner. Plaintiff had verdict and judgment. Defendant has appealed.

Incident to a motion for directed verdict both at the close of plaintiff's case and at the close of all the proofs, and also incident to its motion for a new trial, defendant urged that it was entitled to a directed verdict because at the time of the accident it was engaged in the exercise of a governmental function. Defendant relies upon *Gunther* v. *Bd. of Rd. Com'rs of Cheboygan Co.,* 225 Mich. 619, and other decisions of like character. On the other hand, plaintiff contends that the case cited is not applicable and controlling for two reasons. (1) That the

statute under which the contract with the State highway commissioner was made is materially different than that involved in the *Gunther Case,* and (2) defendant in the instant case derived a profit from performance of its contract and therefore cannot claim exemption from liability on the ground that it was engaged in the performance of a governmental function. In this particular plaintiff relies upon *Foss* v. *City of Lansing,* 237 Mich. 633 (52 A. L. R. 185), and other like authorities.

The contract in the instant case was entered into under Act No. 17, Pub. Acts 1925 (1 Comp. Laws 1929, §§ 4425, 4426). In part it provides:

"The State highway commissioner is hereby authorized to contract with boards of county road commissioners, township boards, or with any other person, persons, firm or corporation for the construction, improvement and maintenance of trunk line highways, or he may do such work on State account."

The contract under which defendant was operating in the *Gunther Case* was entered into under section 4, Act No. 19, Pub. Acts 1919 (1 Comp. Laws 1929, § 4418), which in part reads:

"Contracts and agreements between the State highway commissioner and the boards of county road commissioners, the boards of commissioners of the good road districts, and the township boards of any township, providing for the construction, improvement and maintenance of roads in accordance with the provision hereof, are hereby expressly authorized."

The important change affected by the 1925 act was that the entire cost of constructing, improving, and maintaining trunk line highways was placed upon the State, thereby relieving the counties and

townships of the portion of such cost imposed upon them by the 1919 act. Appellee's counsel point out that the above-quoted portion of the 1925 act expressly authorizes contracts with private persons, firms, or corporations; and that this provision was not contained in the quoted portion of section 4, Act No. 19, Pub. Acts 1919. But the power of the commissioner to enter into contracts with bidders other than the governmental agencies named is necessarily implied from section 9 of the 1919 Act, as amended by Act No. 257, Pub. Acts 1921 (1 Comp. Laws 1929, § 4423). It is there provided that the governmental agencies named in section 4 may contract with the State highway commissioner for performing work of this character under the commissioner's direction and supervision "at any price below that of the lowest responsible bidder." We do not think the enactment of the 1925 statute was intended to or did result in any material change affecting the liability or nonliability of defendant. At common law a governmental agency in the performance of a governmental function did not become liable in damages for its negligent performance. 43 C. J. pp. 921, 922, citing many decisions of this and other courts of last resort. Statutes imposing liability in such cases are in derogation of common law and therefore are strictly construed. *Miller* v. *City of Detroit,* 156 Mich. 630 (132 Am. St. Rep. 537, 16 Ann. Cas. 832). While the contention now under consideration was not there presented, it may be noted that since the enactment of the 1925 statute we have said in *Re Claim of Moross Against Hillsdale Co.,* 242 Mich. 277, that a county could not be held liable for damages resulting from the negligent manner in which its county road commissioners carried on the governmental function of constructing or repairing highways.

The further question is presented by plaintiff's contention that defendant cannot claim exemption from liability because it was performing this service under a contract for a consideration and a resulting profit. Defendant herein at the time of the accident was operating under a cost-plus contract with the State highway commissioner. The contract contains two paragraphs providing for actual reimbursement to defendant for expenditures incurred in the work. The third paragraph provides fixed rentals for use of equipment furnished and used by defendant. The fourth paragraph contains the following provision: "to pay to said party of the second part as an overhead and supervision charge an amount equal to 5.5 per cent. of the total paid under paragraphs one, two and three above, plus an amount equal to 5.5 per cent. of the cost to the State of materials purchased by it and furnished to the second party for use in the performance of this contract." Plaintiff contends that by reason of the provisions in the fourth paragraph it must be concluded that a profit would result to the defendant from performance of work under this contract; and that by reason thereof defendant should be held to be engaged in a commercial enterprise rather than in the performance of a governmental function.

This contract in several particulars is decidedly unlike those usually consummated with independent contractors. It requires the defendant herein to "appoint a superintendent of maintenance satisfactory to the party of the first part, who shall * * * perform said work at the time and in the manner specified by the party of the first part." It also requires defendant to "employ only workmen skilled in their various duties;" and further, defendant agrees in this contract upon request of the State highway commissioner to discharge any person

found to be incompetent or negligent in the performance of his work and not to re-employ such person except with the written consent of the State highway commissioner. Also the wages to be paid and the materials to be purchased are to be such as are agreed to by the State highway commissioner; and by his power of approval reserved in the contract the commissioner controls the type and number of units of equipment to be furnished by the defendant for this work. We think these features of the contract quite conclusively indicate that the defendant board of road commissioners is only a governmental agency in the hands of the State highway commissioner used in the discharge of certain governmental duties, *i. e.* the repair and maintenance of State highways. The 5.5 per cent. above actual cost allowed for "overhead and supervision charge" may or may not result in a net profit. The contract clearly contemplates the keeping of books and the rendering of accounts as well as the employment of a superintendent. And it is obvious that defendant has a substantial investment in its equipment. Whether the fixed rentals cover income on investment and depreciation of equipment, as well as cost of maintenance and operation, the record does not disclose. Plaintiff's declaration alleges that defendant entered into this contract "upon *profitable* consideration." While authority to the contrary may be found, we think the burden of proving this allegation, which is essential to plaintiff's right of recovery, is upon plaintiff. *City of Akron* v. *Butler*, 108 Ohio St. 122 (140 N. E. 324). No proof was offered to sustain plaintiff's allegation of profit; and defendant's motion for a directed verdict at the close of the proofs should have been granted on the ground that the board of county road commissioners was engaged in

the performance of a governmental function at the time and place of the accident.

On this phase of the case it may also be noted that municipal corporations and other governmental agencies when performing a purely governmental function do not lose their immunity from liability for its negligent performance merely because they derive an income therefrom, provided the income is only incidental to the main purpose of so functioning and aimed at covering the cost of the undertaking. *Curran* v. *City of Boston,* 151 Mass. 505 (24 N. E. 781, 8 L. R. A. 243, 21 Am. St. Rep. 465); *Bolster* v. *City of Lawrence,* 225 Mass. 387 (114 N. E. 722, L. R. A. 1917 B, 1285); *Bell* v. *City of Cincinnati,* 80 Ohio St. 1 (88 N. E. 128, 23 L. R. A. [N. S.] 910). On the other hand, a municipality may be held to respond in damages for the negligent act of its agent or employee incident to a voluntary activity undertaken for its own profit and commercial in character. *Bolster* v. *City of Lawrence, supra.* In *Gunther* v. *Bd. of Rd. Com'rs of Cheboygan Co., supra,* this court said:

"The underlying test is whether the act is for the common good of all without the element of special corporate benefit or pecuniary profit. If it is, there is no liability; if it is not, there may be liability. That it may be undertaken voluntarily and not under compulsion of statute is not of consequence." (*Bolster* v. *City of Lawrence, supra.*)

We find nothing in this record indicating that defendant was engaged in an enterprise which inured especially to its own corporate benefit. Instead, all of its activities had to do with the construction or maintenance of the public highways, which is the performance of a public duty. In the cases relied upon by plaintiff a very different situation is pre-

sented. In *Rowland* v. *Kalamazoo Sup'ts of Poor,* 49 Mich. 553, the defendant county superintendents of the poor were engaged in farming; and in the *Foss Case,* defendant was engaged in buying, fattening, and selling hogs. In *Ostrander* v. *Lansing,* 111 Mich. 693, and *Hodgins* v. *Bay City,* 156 Mich. 687 (132 Am. St. Rep. 546), the defendants were engaged in matters relating to local government, and at least in the latter case derived an income therefrom. There are other cognate cases which are readily distinguishable in like manner. We are mindful that plaintiff here asserts that defendant conducted a garage where its road machinery was repaired; but this activity was also confined solely to its use in connection with the public work.

We are unable to find any fact or circumstance in this record which distinguishes it from the *Gunther Case* wherein it was held that a board of county road commissioners in performing maintenance work on a trunk line highway was performing a governmental function and that therefore the defendant board was not "liable for injuries caused by the negligent operation of a truck by one of its agents, in the absence of a statute creating such liability." See, also, *Longstreet* v. *County of Mecosta,* 228 Mich. 542; *In re Claim of Moross Against Hillsdale Co., supra.*

It becomes unnecessary to consider other questions presented by the record. The judgment entered in the circuit court must be vacated, and a judgment entered there for defendant, with costs of both courts. The case is remanded for that disposition.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and Fead, JJ., concurred.