BENNETT v CITY OF LANSING

1. HIGHWAYS—NEGLIGENCE—GOVERNMENTAL IMMUNITY—STATUTES.

The statutory defense of governmental immunity from tort liability is not available to a governmental agency where the injuries arise out of a failure of that governmental agency to keep any highway under its jurisdiction in good repair and fit for safe travel (MCLA 691.1402, 691.1407).

2. HIGHWAYS—TRAFFIC CONTROL LIGHTS—GOVERNMENTAL FUNCTION —MUNICIPAL CORPORATIONS.

A municipal corporation was engaged in the exercise and discharge of a governmental function when maintaining traffic control lights, and the fact that incidental income might be derived therefrom does not make the activity proprietary in nature.

3. HIGHWAYS—STATE TRUNKLINE HIGHWAYS—TRAFFIC CONTROL LIGHTS—JURISDICTION—NEGLIGENCE—GOVERNMENTAL IMMUNITY—MUNICIPAL CORPORATIONS—STATUTES.

State trunkline highways are within the jurisdiction of the State Highway Department by constitutional mandate, and even though a municipal corporation undertakes the maintenance and repair of traffic control lights on a state trunkline highway, the highway is not within the jurisdiction of the municipal corporation; therefore, a statutory exception to the general defense of governmental immunity where a governmental agency fails to keep any highway under its jurisdiction in reasonable repair does not apply in an action brought against the municipal corporation for negligent maintenance of the traffic control lights because the provisions of the statutory exception must be strictly construed (Const 1963, art 5, § 28; MCLA 691.1402, 691.1407).

4. HIGHWAYS—STATE TRUNKLINE HIGHWAYS—IMPROVED PORTION— TRAFFIC CONTROL LIGHTS—JURISDICTION.

Traffic signals which control the flow of traffic are an integral

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 104–106, 111, 112, 341, 345–348.

[2] 39 Am Jur 2d, Highways, Streets, and Bridges § 90.

part of the improved portion of a state trunkline highway and are within the scope of the state's responsibility and jurisdiction (Const 1963, art 5, § 28; MCLA 691.1402).

Appeal from Ingham, Marvin J. Salmon, J. Submitted Division 2 October 11, 1973, at Lansing. (Docket No. 16201.) Decided March 27, 1974. Leave to appeal applied for.

Complaint by Larry J. Bennett and Kathleen Bennett against the City of Lansing, the Board of Water and Light of the City of Lansing, Royce W. Wills, and the Penn Central Railroad Company for damages resulting from an automobile accident. Summary judgment for defendants City of Lansing and the Board of Water and Light. Plaintiffs appeal. Affirmed.

*Abood, Abood & Abood, P. C.,* for plaintiffs.

*Denfield, Timmer & Seelye,* for defendant City of Lansing.

*Joseph Lavey,* for defendant Board of Water and Light.

Before: T. M. BURNS, P. J., and BRENNAN and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. Plaintiff Larry Joe Bennett was involved in an automobile accident on July 29, 1971 at the intersection of Grand River and Logan in the City of Lansing. Both highways are admitted to be state trunkline highways. These highways are crossed at their intersection by tracks owned by defendant Penn Central Railroad Company. Traffic at the intersection is controlled by an overhead traffic light which is intercon-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

nected with the railroad crossing signals. It is uncontroverted that the City of Lansing agreed that its wholly owned municipal utility, the Board of Water and Light, would undertake the maintenance and repair of the traffic light.

Plaintiffs alleged that one of the causes of the automobile accident was the improper operation of the traffic light caused by a malfunction in the circuitry interconnecting the traffic light and the railroad signals. Plaintiffs alleged that the City of Lansing knew that the traffic light was malfunctioning and that it, through the Board of Water and Light, failed to repair the malfunction or to provide a warning to the motoring public that the light was malfunctioning.

Both the City of Lansing and the Board of Water and Light moved for summary judgment asserting that they were immune from liability by reason of the fact that the State Highway Department had jurisdiction over the highways in question.[1] The trial court granted summary judgment in favor of the City of Lansing and the Board of Water and Light.[2] From that judgment plaintiffs appeal.

The question to be answered is:

*Is a municipal corporation immune from liability with respect to injuries resulting from the failure to properly maintain a traffic control light at the intersection of two state trunkline highways, where said municipal corporation has assumed the obligation to maintain said traffic control light?*

This is a question of first impression involving this precise factual situation. While the Supreme

---

[1] Plaintiffs also commenced an action in the Court of Claims against the State Highway Department. At the time of the writing of this opinion the action in the Court of Claims was still pending.

[2] Plaintiffs' action against defendant railroad and the·driver of the other car was, of course, continued.

Court has been confronted with similar questions on prior occasions, all of the prior decisions related to the state of the law prior to the enactment of 1964 PA 170 (MCLA 691.1401 *et seq.;* MSA 3.996[101] *et seq.).* The prior decisions involved the construction and application of the language limiting the liability of local units of government contained in MCLA 250.61; MSA 9.901. See *Johnson v Board of County Road Commissioners of Ontonagon County,* 253 Mich 465; 235 NW 221 (1931); *Jourdin v City of Flint,* 355 Mich 513; 94 NW2d 900 (1959); *Dittmar v City of Flint,* 374 Mich 688; 133 NW2d 197 (1965); *Popielarski v City of Warren,* 380 Mich 651; 158 NW2d 491 (1968). MCLA 250.61, *supra,* relieved local units of government of "all expenses and legal liabilities in connection [with the construction and maintenance of trunkline highways] as imposed by section 21 of Chapter 4 and Chapter 22 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 and sections 242.1 to 242.8 of the Compiled Laws of 1948"; however, since 1964 PA 170 repealed chapter 22 of 1909 PA 283, the limitation on liability contained in MCLA 250.61, *supra,* no longer exists.[3] Since July 1, 1965 the liability of governmental bodies is determined by the wording of 1964 PA 170 alone. See *Jones v Ypsilanti,* 26 Mich App 574, 579; 182 NW2d 795, 797–798 (1970).

By 1964 PA 170 the Legislature restored the defense of governmental immunity to municipal corporations, which was abrogated by *Williams v Detroit,* 364 Mich 231; 111 NW2d 1 (1961), and carved out the only legislative exceptions to the applicability of the defense of governmental immunity, those being negligent operation of motor

---

[3] 1909 PA 283, ch 4, § 21 relates solely to county roads and thus is not applicable here.

vehicles or defective maintenance of highways and public buildings. See *McCann v Michigan,* 47 Mich App 326; 209 NW2d 456 (1973).

Section 7 of 1964 PA 170, as amended by 1970 PA 155, the same being MCLA 691.1407; MSA 3.996(107), provides:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function."

Since there is no serious dispute that defendant municipal corporation and its wholly owned municipal utility were engaged in the exercise and discharge of a governmental function,[4] the defense of governmental immunity is available to them unless this action falls within one of the legislatively defined exceptions contained in 1964 PA 170.[5]

Section 2 of 1964 PA 170, being MCLA 691.1402; MSA 3.996(102), provides in pertinent part:

"Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. *Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition rea-*

---

[4] There can be little question that when maintaining traffic control lights the municipal corporation was engaged in the exercise and discharge of a governmental function. The fact that incidental income might be derived therefrom does not make the activity proprietary in nature. *See Johnson v Board of County Road Commissioners, supra.*

[5] Since the accident giving rise to this action occurred subsequent to August 1, 1970, the constitutional defect found with respect to MCLA 691.1407, *supra,* in *Maki v East Tawas,* 18 Mich App 109; 170 NW2d 530 (1969), *aff'd,* 385 Mich 151; 188 NW2d 593 (1971), had been rectified by 1970 PA 155, and thus the defense of governmental immunity was available to defendant municipal corporation to the extent defined by 1964 PA 170 as amended by 1970 PA 155.

*sonably safe and fit for travel, may recover the damages suffered by him from such governmental agency.* The liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21, chapter 4 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Compiled Laws of 1948. The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel." (Emphasis supplied.)

It is clear that the general defense of governmental immunity set forth in MCLA 691.1407, *supra,* is not available to a governmental agency where the injuries arise out of a failure of that governmental agency "to keep any highway under its jurisdiction" in good repair and fit for safe travel. The question thus reduces itself to whether defendants' failure to repair the traffic control light was a "failure * * * to keep any highway under its jurisdiction in reasonable repair".

Const 1963, art 5, § 28 provides:

"There is hereby established a state highway commission, which shall administer the state highway department and have jurisdiction and control over all state trunkline highways and appurtenant facilities, and such other public works of the state, as provided by law."

By constitutional mandate the State Highway Commission was given "jurisdiction and control over all state trunkline highways". We perceive that the term jurisdiction as used in the statute must logically be read to be coextensive with the same term used in Const 1963, art 5, § 28. Therefore, the state trunkline highways here in question are within the jurisdiction of the State Highway Department and not the municipal corporation. It

has been held that the provisions of 1964 PA 170 must be strictly construed. *Johnson v Michigan,* 32 Mich App 37; 188 NW2d 33 (1971). Given that rule of construction, since the highways were not within the jurisdiction of the defendant municipal corporation, the § 2 exception does not apply, thus the § 7 governmental immunity is available.

Plaintiffs' reliance on *Jones v Ypsilanti, supra,* is misplaced. That case involved a defective sidewalk. Since MCLA 691.1402, *supra,* provides that the state's duty to repair and maintain extended only to the improved portion of the highway designed for vehicular traffic and specifically excluded sidewalks, the sidewalk, even though running along beside a state trunkline highway, was within the jurisdiction of the municipal corporation. In the present case, however, the traffic control light was within the scope of the state's responsibility and jurisdiction; this Court having determined, in the words of *Lynes v St Joseph County Road Commission,* 29 Mich App 51, 59; 185 NW2d 111, 114 (1970), that:

"Traffic signals which control the flow of traffic are an integral part of the improved portion of the highway."

See also *Williams v Department of State Highways,* 44 Mich App 51; 205 NW2d 200 (1972).

The trial court properly granted the motion for summary judgment.[6] This, of course, does not leave plaintiffs without a remedy, since they can continue their action against the proper defendant, the State Highway Department. While at first blush it seems odd that the state must answer for

---

[6] *See also Moyer v Wayne County Road Commission,* Docket No. 15358, released March 27, 1974.

the omission of a local unit of government, it must be remembered that if local units of government were not absolved of liability with respect to maintenance of state trunkline highways, local units of government would be less willing to undertake the responsibility of said maintenance on behalf of the state.

Affirmed. No costs, a public question.

All concurred.