MADAJSKI v BAY COUNTY DEPARTMENT OF PUBLIC WORKS

Docket No. 48446. Submitted May 14, 1980, at Marquette.—Decided July 24, 1980.

Arthur Madajski brought suit against Bay County Department of Public Works, Lanzo Construction Co., Edmands Engineering, Inc., Bay County Drain Commissioner, Michigan State Highway Commission and the Board of County Road Commissioners of the County of Bay alleging that the closing of the state trunkline on which his business is situated 1) constituted a nuisance, 2) amounted to a trespass, and 3) constituted inverse condemnation resulting in damage to his business. Defendant County Board moved for accelerated judgment claiming immunity from liability pursuant to statute. Bay Circuit Court, Ira W. Butterfield, J., entered accelerated judgment in favor of defendant County Board. Plaintiff appeals. *Held:*

Plaintiff's allegations of injury and losses which stemmed from the negligent acts of defendant County Board are insufficient to withstand dismissal by accelerated judgment. However, his complaint also sets forth affirmative acts which, when liberally construed, present a question of fact as to whether an intentional nuisance was committed, which must be decided at trial.

Reversed and remanded.

1. HIGHWAYS — NEGLIGENCE — COUNTIES — STATE — LIABILITY — IMMUNITY.

Counties contracting with the state to maintain trunk line highways are not liable for negligent acts committed in the construction, maintenance or improvement of said trunk lines; liability, if any, falls upon the State Highway Department.

2. NUISANCE — INTENTIONAL NUISANCE — GOVERNMENTAL IMMUNITY — COUNTIES — STATUTES.

Intentionally created nuisances override the statutory defense of immunity for governmental agencies and bar the immunity given counties by statute (MCL 250.61; MSA 9.901).

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 39 Am Jur 2d, Highways and Streets §§ 104, 341-346.

3. NUISANCE — QUESTION OF FACT — COMPLAINT — LIBERAL CON-
   STRUCTION.
   A complaint should be liberally construed, and whether or not an
   intentional nuisance was committed by a county road commis-
   sion in the construction of a highway is a question of fact and
   does not turn on the terms employed in the complaint.

*Dwan & Schmidt, P.C.,* for plaintiff.

*Learman, Peters & Sarow* (by *John J. Mc-
Quillan),* for defendant Board of County Road
Commissioners of County of Bay.

Before: MACKENZIE, P.J., and BRONSON and AL-
LEN, JJ.

PER CURIAM. Does the immunity from liability
given a county road commission by MCL 250.61;
MSA 9.901, for deficiencies in the maintenance of
that portion of a state trunk line highway which
the county road commission has contracted with
the Michigan State Highway Commission to main-
tain, extend to deficiencies which constitute a
nuisance, trespass, or condemnation of property?
On November 5, 1979, this question of first impres-
sion was answered in the affirmative by the trial
court which, on that date, entered a final order
granting judgment in favor of defendant Board of
County Road Commissioners of Bay County on its
motion for accelerated judgment. From that order,
plaintiff appeals of right.
    Plaintiff is the owner and operator of a place of
business located on North Euclid Road between
Beaver Road and Lauria Avenue in Bay County.
That portion of North Euclid Road is part of the
state trunkline system, commonly known as M-
247. It is maintained by the defendant Board of
County Road Commissioners (County Board) under
a maintenance contract between it and the Michi-

gan State Highway Commission pursuant to statutory authority in MCL 250.62; MSA 9.902. On or about February 20, 1979, North Euclid Road between Beaver Road and Lauria Avenue was closed for the installation of a sewer line. According to plaintiff's bill of complaint, the closing was to be for eight weeks for through traffic only, during which period plaintiff could carry on his business. Signs advising the public of this fact and how to proceed to plaintiff's place of business were to be installed by defendant County Board.

The bill of complaint proceeds to allege: that signs indicating access to plaintiff's business were not erected, were improperly removed, or were so situated as to advise inadequately the public that the roadway was open to business traffic; that access to plaintiff's business was blocked by vehicles of the defendant contractor and was also blocked by deposits of dirt upon the driveway and parking lot of plaintiff's business; that use of North Euclid Avenue was seriously impaired by destruction of the roadway; that plaintiff had complained to defendants but defendants "have failed to remedy plaintiff's access problems"; that a drain which runs along the southern boundary of plaintiff's business was blocked by defendant Lanzo Construction Company, causing flooding of plaintiff's premises; that defendants Edmands Engineering, Inc., the State Highway Commission, and the County Board failed to inspect and maintain the roadway and maintain access through the roadway to plaintiff's business.

Plaintiff's bill of complaint alleged that the several acts recited above (1) constituted a nuisance, (2) amounted to a trespass, and (3) constituted inverse condemnation, causing damage to plaintiff's business for which plaintiff should be compen-

sated in the amount of $10,000. In response to these claims, the County Board moved for accelerated judgment on grounds that, although it had accepted control of M-247, it was relieved of all liability by reason of MCL 250.61; MSA 9.901. That statute reads:

"On and after January 1, 1960, the cost of constructing, improving and maintaining trunk line highways shall be met entirely by the state, and the counties, townships and incorporated cities and villages shall thereafter be relieved of all expenses and legal liabilities in connection therewith as imposed by section 21 of chapter 4 and chapter 22 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 and sections 242.1 to 242.8 of the Compiled Laws of 1948." (As amended PA 1959, No. 185, § 1, effective January 1, 1960.)[1]

In response to this motion, plaintiff argued that, while the statute granted immunity for the negligent acts of a county road commission, it did not go so far as to extend immunity for nuisances, trespass, or inverse condemnation. The motion was argued before the trial court in September, 1979, and granted. A motion for reconsideration was heard by the trial court on November 5, 1979, which, on the same day, reaffirmed the September decision and entered accelerated judgment in favor of defendant County Board.[2]

Our courts have uniformly held that counties, contracting with the state to maintain trunk line · highways, are not liable for negligent acts commit-

[1] Sections 242.1 through 242.8 of the Compiled Laws of 1948 have been repealed, effective July 1, 1965, and replaced by MCL 691.1401 et seq.; MSA 3.996(101) et seq.

[2] Though the Board of County Road Commissioners was dismissed from the suit, dismissal was not granted to the remaining five named defendants. Remaining defendants are not parties to this appeal.

ted in the construction, maintenance, or improvement of said trunk lines.

"A county is apparently free to contract with the state in order to perform the state's obligations and at the same time to be free of liability for its negligent acts. This removes the county from any requirement of accounting to those injured by its negligent acts while undergoing a contracted-for operation. However, our Court has held the county is, by statute, excused from any liability." *Robinson v Emmet County Road Comm,* 72 Mich App 623, 631; 251 NW2d 90 (1976).

Liability, if any, falls upon the State Highway Department.

"This, of course, does not leave plaintiffs without a remedy, since they can continue their action against the proper defendant, the State Highway Department. While at first blush it seems odd that the state must answer for the omission of a local unit of government, it must be remembered that if local units of government were not absolved of liability with respect to maintenance of state trunkline highways, local units of government would be less willing to undertake the responsibility of said maintenance on behalf of the state." *Bennett v City of Lansing,* 52 Mich App 289, 295-296; 217 NW2d 54 (1974).

Thus, to the extent that plaintiff's injury and losses stemmed from the negligent acts of defendant County Board, the County Board is immune from liability.

But does this immunity vanish when, as in the instant case, plaintiff alleges the acts complained of constitute a nuisance, intentional trespass, or condemnation? No Michigan case has addressed the question, and, at the time of the trial court's ruling, such authority as did exist by analogy was

unsettled.[3] In *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978), the Supreme Court was asked to determine whether a statute granting state agencies immunity from tort liability, where the agency is engaged in a governmental function,[4] includes immunity if the acts complained of constituted a nuisance. Three justices indicated, on the basis of prior case law, that a government agency is liable for the creation of a nuisance, even if negligence, and not intentional action, is the cause of the nuisance. Two other justices, concurring with the result of the Court, stated that a government agency is liable for the creation of a nuisance only where the creation of the nuisance was intentional. The justices defined "intentional nuisances" broadly to include situations where the government agency intended only to bring about the *conditions* which are in fact found to be a nuisance. Though a majority of the Supreme Court have still not agreed that negligently created nuisances override the statutory defense of immunity, recent decisions clearly hold that intentionally created nuisances do so. *Affiliated FM Ins Co v Dep't of State Highways & Transportation,* 86 Mich App 203, 210; 272 NW2d 239 (1978), *Taggie v Dep't of Natural Resources,* 87 Mich App 752, 754; 276 NW2d 485 (1979), *Daugherty v State of Michigan,* 91 Mich App 658, 664; 283 NW2d 825 (1979). True, *Rosario* and the cases cited subsequent

[3] *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978), were decided in July 1978, but no opinion in either case was signed by a majority of justices.

[4] "Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting *the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."* MCL 691.1407; MSA 3.996(107) (Emphasis supplied.)

thereto have all been directed to the immunity conferred by MCL 691.1407; MSA 3.996(107) and do not address the specific immunity granted counties under MCL 250.61; MSA 9.901. But it would appear illogical and confusing if this Court were to hold that intentionally created nuisances would be a bar to immunity granted as to state agencies but would not be a bar as to county road commissions, which are also state agencies. Further, except for the unit of government upon which immunity is conferred, we find no basic difference in the two statutes.[5] Accordingly, we opine that an intentionally created nuisance is a bar to the immunity given counties under MCL 250.61; MSA 9.901.

We now turn to the question of whether plaintiff's bill of complaint sufficiently alleges an intentionally created nuisance, trespass, or condemnation. If plaintiff's complaint does so, the trial court's grant of summary judgment for the County Board must be reversed. Justice MOODY, in *Rosario, supra,* 143, spoke to the sufficiency of a bill of complaint's allegations of nuisance as follows:

"The terms 'neglected' and 'failed' allege negligent activity. However, liberally construed, the underscored language pleads more than negligence on the part of the City of Lansing. The word 'refused' denotes more than a 'want of care in maintenance' or neglect. In this context, 'refused' describes an alleged deliberate act by the governmental agency to create the complained-of condition."

---

[5] We reject any claim that the statutes substantially differ because one specifically states "shall be immune from tort liability" and the other does not. MCL 250.61; MSA 9.901 relieves the counties from liability "as imposed by sections 242.1 to 242.8". Since those sections impose liability for neglect in failing to keep highways in a reasonable repair, the liability imposed is only for negligent actions. Thus, the counties are only relieved from liability arising from their negligent actions and not from their intentional actions.

Though the bulk of plaintiff's allegations sound in negligence, *viz.:* the failure to adequately sign, the failure to remove dirt or vehicles blocking entryway to plaintiff's business, the complaint also sets forth affirmative acts; *viz.:* destruction of the roadway, blocking passage by parked vehicles; dumping of dirt and debris. Additionally, paragraphs 15 and 19 of the complaint allege that plaintiff complained to the several defendants of the acts complained of but nothing was done. Cases subsequent to *Rosario* hold that a bill of complaint should be liberally construed, *Taggie, supra,* 755, and that whether an intentional nuisance was committed or not is a question of fact, *Ford v City of Detroit,* 91 Mich App 333, 336; 283 NW2d 739 (1979).

Application of the current case law to the instant case compels us to conclude that the bill of complaint is sufficient to withstand dismissal by accelerated judgment. Whether the complaint can be factually supported is a question of fact to be decided at trial. While it now appears that the defense of immunity can be overridden for purposes of pleading, plaintiff must still carry the burden of proof at trial that the conditions complained of were a nuisance in fact and that said nuisance was intentionally created. Finally, we are the first to acknowledge that when the trial court ruled in this case, the court was without benefit of the decisions clarifying *Rosario.*

Reversed and remanded for trial in accordance with this opinion. No costs, a public question being involved.